UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **24-20132-CR-BLOOM/ELFENBEIN**

18 U.S.C. § 1956(h)
18 U.S.C. § 1957
18 U.S.C. § 982

FILED BY ____MP____ D.C.

Apr 2, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

PAUL OSWALD MORANI,
    a/k/a "Pablo Morales,"
    a/k/a "Pablo Lorenzino," and
MARIA EUGENIA DELANNOY,
    a/k/a "Mery,"
    a/k/a "Mergot,"

       Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

Beginning in or around January 2018, and continuing until in or around April 2024, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, Argentina, and elsewhere, the defendants,

PAUL OSWALD MORANI,
    a/k/a "Pablo Morales,"
    a/k/a "Pablo Lorenzino," and
MARIA EUGENIA DELANNOY,
    a/k/a "Mery"
    a/k/a "Margot,"

did knowingly and voluntarily combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury, to commit certain offenses:

(a) To knowingly transport, transmit, and transfer monetary instruments and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A);

(b) To knowingly engage in a monetary transaction affecting interstate and foreign commerce, by, through and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957; and

(c) To knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, as that term is defined in Title 18, United States Code, Section 1960(b), by transferring funds within this country, on behalf of the public by any and all means including by wire, check and couriers, which affected interstate and foreign commerce, and which (i) was operated without an appropriate money transmitting license in a State, that is, Florida, where such operation was punishable as a felony, (ii) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code and the regulations prescribed thereunder, and (iii) otherwise involved the transportation and transmission of funds that were known to the defendants to have been derived from a criminal offense and were to be used to promote and support unlawful activity; in violation of Title 18, United States Code, Sections 1960(a), (b)(1)(A), (b)(1)(B) and (b)(1)(C).

It is further alleged that the specified unlawful activity is operating an illegal money transmitting business punishable under the laws of the United States.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2-12

### Engaging in Transactions in Unlawful Proceeds
### (18 U.S.C. § 1957(a))

Beginning in or around January 2018, and continuing until in or around April 2024, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**PAUL OSWALD MORANI,**
a/k/a "Pablo Morales,"
a/k/a "Pablo Lorenzino," and
**MARIA EUGENIA DELANNOY,**
a/k/a "Mery,"
a/k/a "Margot,"

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, by and through a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, that is funds derived from operating an unlicensed money remitting business.

| COUNT | APPROXIMATE DATE | TRANSACTION |
|---|---|---|
| 2 | September 20, 2019 | Wire Transfer of $112,119 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 3391. |
| 3 | November 5, 2019 | Wire Transfer of $511,671 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 8542. |
| 4 | January 24, 2020 | Wire Transfer of $600,000 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 8542. |

3

| 5 | March 11, 2020 | Wire Transfer of $725,411 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 3391. |
| --- | --- | --- |
| 6 | April 23, 2020 | Wire Transfer of $1,004,523 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 3391. |
| 7 | June 25, 2020 | Wire Transfer of $2,600,209 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 8542. |
| 8 | June 29, 2020 | Wire Transfer of $1,000,000 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 8542. |
| 9 | September 2, 2020 | Wire Transfer of $553,250 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 3391. |
| 10 | October 16, 2020 | Wire Transfer of $1,088,438 from an account at Wells Fargo in the Southern District of Florida via New York to a Morgan Stanley Account ending in 3391. |
| 11 | May 11, 2021 | Wire Transfer of $1,962,000 from an account at Citibank in the Southern District of Florida via New York to a Morgan Stanley Account ending in 8542. |
| 12 | June 4, 2021 | Wire Transfer of $200,000 from an account at Citibank in the Southern District of Florida via New York to a Morgan Stanley Account ending in 8542. |

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **PAUL OSWALD MORANI, a/k/a "Pablo Morales," and a/k/a "Pablo Lorenzino,"** and **MARIA EUGENIA DELANNOY, a/k/a "Mery," and a/k/a "Mergot,"** have

an interest.

2.	Upon conviction of a violation of Title 18, United States Code, Section 1956 and/or Section 1957, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such violation, and any property traceable to such property.

3.	The property which is subject to criminal forfeiture includes, but is not limited to, the following:

(a)	All assets in account number 815-022483 held at Morgan Stanley in the name of Paul Oswald Morani seized pursuant to warrant on or about December 16, 2021;

(b)	All assets in account number 815-018542 held at Morgan Stanley in the name of Highluck Investment, Inc. seized pursuant to warrant on or about on or about December 16, 2021;

(c)	The real property known and numbered as 2201 Collins Avenue, Unit 922, Miami Beach, Florida (Folio No. 02-3234-218-2370), together with all improvements, appurtenances, attachments, and fixtures thereon and therein; and

(d)	One (1) 2021 45'3" Nautitech 46 Catamaran (HIN: NAUN1387K021).

All pursuant to Title 18, United States Code, Section 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

ANDREA GOLDBARG
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: **24-20132-CR-BLOOM/ELFENBEIN**

v.

PAUL OSWALD MORANI, AND
MARIA EUGENIA DELANNOY

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
                Defendants.   ☑

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami     ☐ Key West     ☐ FTP
☐ FTL       ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __15__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☐ 0 to 5 days                 ☐ Petty
   II   ☐ 6 to 10 days                ☐ Minor
   III  ☒ 11 to 20 days               ☐ Misdemeanor
   IV   ☐ 21 to 60 days               ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-mj-02537
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? Yes

By: _____
ANDREA GOLDBARG
Assistant United States Attorney
Court ID No.    A5502556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** PAUL OSWALD MORANI

**Case No:** _____

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $500,000 or twice the value of the property involved

Counts #2-12

Engaging in Transactions in Unlawful Proceeds

Title 18, United States Code, Section 1957(a)

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $500,000 or twice the value of the property involved

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MARIA EUGENIA DELANNOY

**Case No:** _____

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $500,000 or twice the value of the property involved

Counts #2-12

Engaging in Transactions in Unlawful Proceeds

Title 18, United States Code, Section 1957(a)

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $500,000 or twice the value of the property involved

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.