UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 24-20132-CR-BLOOM(s)

UNITED STATES OF AMERICA

vs.

PAUL OSWALD MORANI,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and PAUL OSWALD MORANI (the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the sole count of the Superseding Information, which count charges that from on or about January 2017, to on or about March 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant did knowingly conduct, control, manage, supervise, direct and own all or part of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

2. The defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offense for which he is charged. Understanding that right, and after full and complete consultation with his counsel, the defendant agrees to waive in open court his right to prosecution by indictment and agrees that this Office may proceed by way of an Information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to twice the value of the property involved in the transaction.

5.   The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed

shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base Offense Level</u>: That pursuant to Section 2S1.1(a)(2) which, in turn, references Section 2B1.1, the value of the transmitted funds is more than $350,000,000 but less than $550,000,000. Accordingly, the base offense level is 36 (8+28).

    b. <u>Role in the offense</u>: That the defendant should receive a 4-level increase for an aggravating role in the offense, pursuant to Section 3B1.1(a) of the Sentencing Guidelines.

    c. While not binding on the Court, the parties agree that the sentence imposed should be at least 42 months incarceration. Further, the parties agree that the government has the right to argue for a sentence up to the statutory maximum of 60 months imprisonment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to the defendant's offense, pursuant to

Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant knowingly and voluntarily admits that the following real and personal property was involved in the violation to which he agrees to plead guilty herein, or is traceable to such property (collectively, the "**Subject Assets**"):

(a) All assets in account number 815-022483 held at Morgan Stanley in the name of Paul Oswald Morani seized pursuant to warrant on or about December 16, 2021;

(b) All assets in account number 815-018542 held at Morgan Stanley in the name of Highluck Investment, Inc. seized pursuant to warrant on or about on or about

December 16, 2021; and

(c) The real property known and numbered as 2201 Collins Avenue, Unit 922, Miami Beach, Florida (Folio No. 02-3234-218-2370), together with all improvements, appurtenances, attachments, and fixtures thereon and therein, and including any rent or other proceeds derived from its leasing and deposited into an escrow account designated by the United States Marshals Service pursuant to the Court's Amended *Ex Parte* Restraining Order [ECF No. 58].

10. The defendant knowingly and voluntarily agrees, in his individual and any other capacity, to criminally forfeit the **Subject Assets** to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1) as part of his sentence in this case.

11. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the **Subject Assets** and the violation to which he agrees to plead guilty herein.

12. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the **Subject Assets**:

(a) All constitutional, legal, and equitable defenses to such forfeiture;

(b) Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

(c) Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

(d) Any right he may have to an appeal of any resulting order of forfeiture

regarding the **Subject Assets**.

13.     The defendant knowingly and voluntarily agrees and understands that the forfeiture of the **Subject Assets** agreed upon herein shall <u>not</u> be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of America of any property, including the **Subject Assets** and/or any substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated because of illegal activities. The assistance shall include, among other things, the following: providing truthful testimony and assistance to this Office regarding any third-party petition and/or third-party claim of right, title and/or interest in the **Subject Assets**, as well as identifying any property subject to forfeiture, agreeing to the entry of an order enjoining the transfer or encumbrance of such property, and the transferring such property to the United States by delivery to this Office upon this Office=s request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

14.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the

result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. This appellate waiver also includes waiving the right to argue on appeal that the statutes to which the defendant is pleading guilty are unconstitutional and/or that the admitted conduct does not fall within the scope of the statutes. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

15. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

16. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant

understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

17. This is the entire agreement and understanding between this Office and the defendant and supersedes any other agreements, understandings, promises, representations, or understandings made in the past.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 2·11·2025     By: _____
ANDREA GOLDBARG
ASSISTANT U.S. ATTORNEY

Date: 2-11-25     By: _____
MARSHALL DORE LOUIS, ESQ.
ATTORNEY FOR DEFENDANT

Date: 2/11/25     By: _____
PAUL OSWALD MORANI
DEFENDANT