**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cr-20132-BLOOM/Elfenbein**

UNITED STATES OF AMERICA,

Plaintiff,

v.

PAUL OSWALD MORANI,

Defendant.
_________________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon the United States of America's Motion to Dismiss the Petition of Juan Delannoy Asserting Legal Interest in Forfeited Property ("Motion"), ECF No. [109]. Petitioner Juan Delannoy filed a Response in Opposition ("Response"), ECF No. [112]. The Court has reviewed the Motion, the Response, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

On July 14, 2025, Third-Party Petitioner Juan Delannoy ("Delannoy") filed a Petition pursuant to 21 U.S.C. § 853(n) asserting his legal right and interest in at least $1,300,000 of assets held in or seized from a Morgan Stanley bank account in the name of Defendant Paul Oswald Morani ("Morani"), numbered 815-022483 ("Morani Account"). ECF No. [95]. In his Petition, Delannoy states that since 2022, he and Morani have entered into several loan agreements where Delannoy agreed to loan Morani various sums of money. *Id*. at 2. Delannoy contends each of these agreements constituted a valid, legally binding contract under Argentinian law and totaled $1,300,000. *Id*. at 4-5.

On March 13, 2026, the Government filed a Motion to Dismiss the Petition pursuant to 21 U.S.C. § 853(n), Rule 32.2(a)(1)(C) of the Federal Rules of Criminal Procedure, and Rule 12 of the Federal Rules of Civil Procedure. ECF No. [109]. The Government contends the Petition does not satisfy the requirements of § 853(n) because the Petition fails to connect the alleged loan agreements to the subject assets. *Id*. at 10. The Government further contends that even if the Court accepts Delannoy's allegations as true, he cannot recover because he asserts no legal right, title, or interest in the subject assets. *Id*. at 13. The Government argues that Delannoy, at best, qualifies as a general creditor of Morani and therefore lacks the requisite standing to challenge the forfeiture. *Id*. The Government asserts that Delannoy fails to allege a superior interest under § 853(n)(6)(a). Specifically, the Government points out that Delannoy and Morani entered into thirteen separate oral loan agreements ten months after the Government seized the subject assets. *Id*. at 15. As such, the Government avers Delannoy cannot establish an interest in the assets superior to the Government's interest.

Delannoy responds that he satisfies the § 853(n) pleading requirements as the Petition identifies thirteen specific oral loan agreements, including the relevant dates, dollar amount agreed to, description of the nature of the obligations, and governing law. ECF No. [112] at 9. Delannoy further responds that the Petition alleges a right, title, or interest in the subject assets sufficient to survive the Government's Motion. *Id*. at 9. Finally, Delannoy contends that he is not required to establish a superior legal interest at this stage in the proceeding. *Id*. at 12.

## II. LEGAL STANDARD

### A. Motion to Dismiss in an Ancillary Proceeding

"Although arising from a criminal case, ancillary forfeiture proceedings are civil in nature and thus governed by the Federal Rules of Civil Procedure." *United States v. Bonaventura*, No. 24-CR-60059, 2025 WL 3172713, at *3 (S.D. Fla. Oct. 29, 2025), report and recommendation

adopted, No. 24-60059-CR, 2025 WL 3172317 (S.D. Fla. Nov. 13, 2025) (citing United States v. Jewelry, No. 14-CR-60094, 2015 WL 9700962, at *2 (S.D. Fla. Dec. 23, 2015)). As such, "[a] motion to dismiss a third-party petition in a forfeiture proceeding prior to a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Avila-Torres*, No. 17-20148-CR, 2019 WL 2177342, at *4 (S.D. Fla. May 20, 2019) (citing *United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009)).

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in the plaintiff's favor. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). Courts generally "do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007)

## III. DISCUSSION

The Government argues the Petition fails to set forth the required details prescribed in § 853(n)(3). ECF No. [109] at 11. Specifically, the Government contends the Petition fails to connect the alleged loan agreements to the subject assets. The Government points out that the alleged oral agreements took place nearly ten months after the Government seized the assets. The Government cites as persuasive authority *United States v. Mallu*, No. CR 21-326, 2025 WL 606600, at *1 (W.D. Pa. Feb. 25, 2025), in which the court determined that petitioners who claimed to provide a defendant an unsecured loan did not have an identifiable right, title, or interest in the forfeited property.

The Government further contends that even if the Morani breached an oral contract, Delannoy is at best an unsecured creditor and lacks standing to challenge the forfeiture of the subject assets. *Id*. at 12. The Government cites to *United States v. Watkins*, 320 F.3d 1279, 1282

(11th Cir. 2003), in which third-party claimants could not recover any forfeited funds that they gave to defendant in exchange for a promise to procure for them automobiles because they gave defendant those monies after the conclusion of the conspiracy that gave rise to the forfeiture. The claimants were merely unsecured creditors of defendant, as they possessed no "attached" security interest in the funds they gave to him, and could not be considered bona fide purchasers for value within the meaning of criminal forfeiture statute. The Government contends that, similar to *Watkins*, Delannoy asserts no legal right, title, or interest in the subject assets, and at best has a potential cause of action against Morani.

Finally, the Government argues Delannoy fails to assert a superior interest under § 853(n)(6)(A) because the oral agreements took place ten months after the Government seized the assets and five years after the relevant criminal conduct began. ECF No. [109] at 15.

Delannoy responds that he has satisfied the pleading requirements by identifying thirteen specific oral loan agreements, including the relevant dates, dollar amounts agreed to, a description of the nature of the obligations, and identifying Argentine law as governing the agreements. ECF No. [112] at 9. Delannoy contends that it was expressly understood under the loan agreements that he would be paid from the funds held in the Morani Account which was seized by the Government. *Id*. at 10. Delannoy contends that under Argentine law, under certain circumstances, "a creditor to invoke a legally distinct position in respect of assets or funds specifically linked to the performance of an obligation, even in the absence of a formally created security right." ECF No. [112-1] ¶ 5. Delannoy further responds that he is not required to show that he has a superior legal interest at this stage in the proceedings.

While Delannoy is correct that he has sufficiently identified thirteen specific oral loan agreements, the relevant dates, dollar amounts agreed to, a description of the nature of the

obligations, and Argentine law as governing the agreements, the dates of the oral agreements post-date the seizure of the assets by ten months and take place well after the alleged commission of the crime. Under § 853(n)(6)(A), a third-party plaintiff must possess a right to, or interest in, the forfeited property "at the time of the commission of the acts which gave rise to the forfeiture". *United States v. Kennedy*, 201 F.3d 1324, 1328 (11th Cir. 2000) (quoting 21 U.S.C. § 853(n)(6)). Delannoy is, as the Government points out, merely an unsecured creditor of Morani. The Eleventh Circuit has held that that unsecured or general creditors cannot be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B). *Watkins*, 320 F.3d at 1283. Because Delannoy cannot assert a legal right, title, or interest in the subject assets, he lacks standing to challenge the forfeiture. *See United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1305 (M.D. Fla. 2012). As such, the Government's Motion is granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Government's Motion, **ECF No. [109]**, is **GRANTED**.
2. Juan Delannoy's Petition, **ECF No. [95]**, is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 26, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record